RYAN, Judge
(dissenting):
I do not question that adultery is an anti-marital offense. This conclusion is intuitive and a matter of common sense. But that premise does not answer the question whether adultery is a “crime against the person or property of the other spouse,” the actual exception to the husband-wife privilege con *421 tained in Military Rule of Evidence (M.R.E.) 504(c)(2)(A), which is at issue here.
M.R.E. 504 and the exceptions thereto reflect the policy judgments of the President regarding those communications between a husband and wife that are privileged — and as to those communications that will be exempted from that privilege. See United States v. McCollum, 58 M.J. 323, 342 (C.A.A.F.2003) (determining whether an exception to a privilege should apply “is a legal policy question best addressed by the political and policy-making elements of the government”). Our duty is to interpret and to apply the law as written in the language of the rule itself.
In this case, an inquiry into the scope of the M.R.E. 504(e)(2)(A) privilege exception must, therefore, focus on the meaning of the words “crime against the person or property of the other spouse.” A crime “against the person ... of the spouse,” is not defined in either the Manual for Courts-Martial, United States (2005 ed.) (MCM) or the Military Rules of Evidence. “In construing the language of a statute or rule, it is generally understood that the words should be given their common and approved usage.” McCollum, 58 M.J. at 340 (quotation marks omitted).
It is not in accordance with the common or approved usage of the language “crime[s] against the person of the other spouse” to include within that phrase every act that might emotionally harm, offend, or betray. Such a broad construction that includes these acts would impermissibly render the limiting words “person or property of the other spouse” superfluous. See United States v. Menasche, 348 U.S. 528, 538-39, 75 S.Ct. 513, 99 L.Ed. 615 (1955) (“It is our duty ‘to give effect, if possible, to every clause and word of a statute’____” (quoting Montclair v. Ramsdell, 107 U.S. 147, 152, 2 S.Ct. 391, 27 L.Ed. 431 (1883))).
In my view, the common and approved usage of “crimes against the person of the other spouse” here refers to crimes of violence against that spouse. This definition reflects and is consistent with the overall structure of M.R.E. 504(c)(2)(A), which makes repeated references to “crimes against the person.” See Gustafson v. Alloyd Co., 513 U.S. 561, 568, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995) (“we adopt the premise that [a] term should be construed, if possible, to give it a consistent meaning throughout”).
More importantly, this construction is in accord with the long-standing recognition in criminal law that crimes “against the person” refer to offenses of violence against a person. See, e.g., 2 Wayne R. LaFave, Substantive Criminal Law §§ 14-17 (2d ed.2003) (discussing offenses against the person); 1 William O. Russell & Charles S. Greaves, A Treatise on Crimes and Misdemeanors 481-782 (1845) (discussing “offenses against the persons of individuals”); see also Keeble v. United States, 412 U.S. 205, 206, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973) (including murder, manslaughter, rape, and assault with intent to kill among “crimes against the person”); Relford v. Commandant, United States Disciplinary Barracks, Ft. Leavenworth, 401 U.S. 355, 369, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971) (equating an offense violative of the physical security of a person, such as the rapes and kidnapping at issue in the case, with a “crime against the person of the individual”).
This definition of “crime[s] against the person of the other spouse” is also consistent with the common law view of the exception to the husband-wife privilege. See, e.g., M.R.E. 101 (reaffirming the congressional mandate in Article 36(a) Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 836(a) (2000)). In Bassett v. United States, the Supreme Court examined whether a statutory exception to the privilege “for a crime committed by one against the other” was available in a case involving polygamy. 137 U.S. 496, 503-06,11 S.Ct. 165, 34 L.Ed. 762 (1890) (analyzing a federal statute applicable to the Utah Territory).
The Supreme Court reaffirmed the common law rule that “the wife is not competent [as a witness against her spouse], except in the cases of violence upon her person.” Bassett, 137 U.S. at 505, 11 S.Ct. 165 (quoting Stein v. Bowman, 38 U.S. 209, 222, 13 Pet. 209, 10 L.Ed. 129 (1839)). The Supreme Court recognized a spouse’s “humiliation and *422 outrage” caused by the polygamy or adultery of the other spouse, and that those offenses may be “crimes which involve disloyalty to the marital relation.” Bassett, 137 U.S. at 506, 11 S.Ct. 165. Nonetheless, the Court, while ceding the anti-marital nature of such offenses, expressly rejected the notion that either polygamy or adultery was a crime that permitted an exception to the marital privilege.[1] Id.
The Supreme Court’s conclusion that the statutory exception to the marital privilege was not available in the case of adultery or bigamy is compelling. More telling, for purposes of this case, is the Supreme Court’s determination that while a legislature can change the parameters of the “ancient” marital privilege via statute, the language of a statute “should not be adjudged as working a departure from the old and established rule, unless the language imperatively demands such construction.” Id. at 505-06, 11 S.Ct. 165 (emphasis added). The language of M.R.E. 504(c)(2)(A) does not demand the construction employed by the majority.
This Court should follow the decision and reasoning of the Supreme Court in Bassett, which has not been overruled. We have no language “imperatively demanding” exemption from the husband-wife privilege. And we have a problematic and checkered history in both the former MCMs and the conflicting judicial decisions from this Court on the precise question at issue in this ease. 64 M.J. 418-20.
Illustrative of this point is the fact that the MCM — with the evidentiary rule we apply in the present case — does not specifically list the crime of adultery as an exception to the long-standing husband-wife privilege. But it does specifically list other anti-marital offenses. M.R.E. 504(c)(2)(C).
Also, the 1969 MCM specifically listed adultery as such an exception. MCM para. 148.e (1969 rev. ed.) (para. 148.e was omitted by change 3, Sept. 1, 1980). Ordinarily, where language exists in an earlier version of a rule and is removed from a later edition of the rule, the later rule controls. See e.g., Keppel v. Tiffin Savings Bank, 197 U.S. 356, 373, 25 S.Ct. 443, 49 L.Ed. 790 (1905) (“[I]t cannot in reason be said that the omission ... gives rise to the implication that it was the intention of Congress to reenact it.”). I find the deletion of any reference to the offense of adultery in the present M.R.E. 504(c)(2)(A) exception problematic for the position of the majority.
Nor is adultery specifically listed in the Drafters’ Analysis addressing the M.R.E. 504(c)(2)(A) exception. Manual for Courts-Martial, United States, Analysis of the Military Rules of Evidence app. 22 at A22-40 (2005 ed.) [hereinafter Drafters’ Analysis]. The absence of adultery as a listed exception in either the present MCM or the Drafters’ Analysis cannot be ignored.
The Drafters’ Analysis does reference anti-marital offenses:
This provision is taken from proposed Federal Rule 505(c)(1) and reflects in part the Supreme Court’s decision in Wyatt v. United States, 362 U.S. 525, 80 S.Ct. 901, 4 L.Ed.2d 931 (1960). The Rule thus recognized society’s overriding interest in prosecution of anti-marital offenses____ The Rule is similar to 1969 Manual Para. 148 e....
Drafters’ Analysis at A22-40 (emphasis added) (citation omitted). Wyatt v. United States dealt with a specific anti-marital offense — violations of the Mann Act, 18 U.S.C. § 2421 (2000). Wyatt, 362 U.S at 525, 80 S.Ct. 901. Violations of this statute and similar offenses were reflected as exceptions to the husband-wife privilege by the President in their own specific exception: M.R.E. 504(c)(2)(C). These observations are a source of concern to me independent of the important point that the Drafters’ Analysis, when it does not corroborate the plain language of the rule, is of questionable precedential weight.
Whatever the best policy may be, and however useful admissions such as the one in this case would be to prove the offense of adultery, the present language of the M.R.E. *423 504(c)(2)(A) cannot stretch so far as to include adultery within the language of “crime against the person of the spouse.” This determination is supported not only by the language of the rule itself, but by both the common law and Supreme Court precedent. There is no reason to ignore these authorities based on conjecture or supposition as to the precise scope of the Drafters’ Analysis, which is not itself a rule.
Given that I dissent from the majority’s ruling and hold that the lower court erred, the question remains whether the error was harmless. After examining the record, I cannot say that the testimony of Appellant’s wife did not have a substantial influence on the military judge. See Kotteakos v. United States, 328 U.S. 750, 764-65, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).
This case involved the charged offense of adultery and carnal knowledge. Appellant denied that he had a sexual relationship with AM. AM testified that Appellant did have a sexual relationship with her. The decisional crux was whether Appellant or the alleged object of his infidelity was truthful, a question that could have been resolved either way. The testimony of Appellant’s wife, T, that Appellant admitted his adultery to her, may well have tipped the balance against Appellant on this key issue. See Hawkins v. United States, 358 U.S. 74, 79, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958) (concluding that “after examining the record we cannot say that [wife’s inadmissible privileged] testimony did not have substantial influence on the jury”).
I respectfully dissent.

. The statutory exception to the privilege examined in Bassett facially gives greater traction to the majority’s analysis in this case than the language of the privilege actually before us.